UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL LIGHTELL ET AL | CIVIL ACTION |
| VERSUS | NO: 08-4393 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: J(5) |

### ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's **Motion for Summary Judgment (Rec. Doc. 27)** and Plaintiffs Paul and Ava Lightell's **Response Memorandum in Opposition (Rec. Doc. 38)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

This action involves a claim against State Farm ("Defendant") for additional insurance benefits and statutory damages resulting from alleged underpayment of proceeds to Plaintiffs for their property, which was insured by Defendant.

Plaintiffs allegedly suffered property damage due to the wind and flood caused by Hurricane Katrina. Plaintiffs have collected partial payment of their policy limits from both their homeowner and flood insurance policies. However, Plaintiffs believe the payments are not indicative of the damage actually suffered to their home. Therefore, Plaintiffs have filed suit against both their homeowner and flood insurers.

Due to the identical issues of law presented in the flood and wind suits, Defendant and Plaintiffs have filed - and this

Court granted - a joint motion to consolidate the wind and flood cases. Defendant, the issuer of the homeowner's policy, filed the current motion for summary judgment prior to the consolidation of these matters; therefore the motion only addresses issues related to the wind damage claims. In its motion for summary judgment, Defendant alleges that there exists no issue of material fact and that Plaintiffs' homeowners policy claims should be dismissed, with prejudice. After reviewing the record, file, and the parties motions and memoranda, this Court finds as follows:

## THE PARTIES' ARGUMENTS

Defendant asserts multiple reasons why summary judgment is proper in this matter. First, Defendant claims that Plaintiffs are estopped from recovery related to their wind claims because Plaintiffs have previously alleged that they were entitled to their flood policy limits due to the total destruction of the property. Secondly, Defendant claims that Plaintiffs have the burden of proving that their damage was caused by wind as opposed to flood; a burden Defendant believes Plaintiffs cannot satisfy. Lastly, Defendant claims that Plaintiffs cannot present any evidence or witnesses at trial because they failed to timely submit their witness and exhibit lists.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine

issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

***Estoppel***

Defendant argues that summary judgment is proper because according to Defendant, once Plaintiffs alleged, in a separate suit, that their property was totally destroyed by flood damage, Plaintiffs are estopped from asserting claims against their homeowners policy. In support of this argument, Defendant cites Webster v. State Farm, Civ. A. No. 07-4812, 2008 WL 2080907 (E.D. La. May 14, 2008).

Defendant, in its memorandum, states that the Webster Court held that a plaintiff is "estopped from claiming total loss to his property due to wind when he also assert[s] a flood claim and receive[s] his flood policy limits." (Rec. Doc. 27, at p. 16). However, this is an incorrect interpretation of the Webster holding.

The Webster Court held that even if a plaintiff received payments from his flood policy, the plaintiff is not estopped

3

from making a claim pursuant to his homeowner's policy.  Webster, 2008 WL 2080907, at *3.  The only stipulation the Court placed on the plaintiff's ability to recover from both the homeowner and flood policy was that the plaintiff's combined recovery cannot exceed the value of the property.  Id.  Here, Plaintiffs' recovery from their flood policy has not exceeded the value of their property.  Further, even if Plaintiffs were to receive their flood policy limits, it appears that they could actually recover at least partial payment from their homeowner's policy without exceeding the value of their property.[1]

Therefore, although Plaintiffs are "not entitled to obtain a windfall double recovery by recharacterizing as wind damage those losses for which [they have] already been compensated by previously attributing them to flood waters," Id. at *4, "there is no policy or legal principle preventing them from recovering for previously uncompensated, covered damage, without reference to the amount received under their flood policy."  Id.  As a result, Plaintiffs are not estopped from asserting homeowner policy claims and their case should not be dismissed on summary judgment based on the theory of estoppel.

---

[1] While the value of Plaintiffs' home is an issue for the fact finder, their homeowner's policy limit for damages to their dwelling is $163,537 – this *indicates* that the value of their home could be at least $163,537.  If the flood policy limit is less than $163,537, Plaintiffs have the possibility of full recovery from their flood policy and partial recovery from the homeowner's policy without exceeding the value of their home.

4

*Burden Shifting*

Defendant also argues that it is entitled to summary judgment because Plaintiffs have the burden of proving the amount of the covered loss they sustained with legal certainty; a burden Defendant believes Plaintiffs cannot satisfy.  According to Defendant, if Plaintiffs meet their threshold burden of presenting evidence from which the jury may find loss to the insured property, the burden shifts to Defendant to present evidence on the applicability of any exclusion asserted as an affirmative defense - in this case, the water damage exclusion. Defendant believes, and cites multiple district court cases to support this belief, that at this point, Plaintiffs have the burden of segregating the damages between covered an non-covered perils. Copelin v. State Farm Ins. Co., No. 06-4115, 2009 WL 361088, at *6 (E.D. La. Feb. 12, 2009); Weiser v. Horace Mann Ins. Co., No. 06-9080 (Rec. Doc. 79, pp. 8-9) (E.D. La. Apr. 6, 2009); Nunez v. Standard Fire Ins. Co., No. 07-7457, 2009 WL 799756, at *2 (E.D. La. Mar. 24, 2009).

However, despite the multiple district courts that have held that the burden shifts back to the insured to segregate the damages between covered an non-covered perils, the United States Court of Appeals, Fifth Circuit, has held that this is not the case.  In Dickerson v. Lexington Insurance Company, 556 F.3d 290 (5th Cir. 2009), the Fifth Circuit stated,

5

> [u]nder Louisiana law, the insured must prove that the claim
> asserted is covered by his policy.  Once he has done this,
> the insurer has the burden of demonstrating that the damage
> at issue is excluded from coverage.  Thus, once [the
> insured] proved his home was damaged by wind, the burden
> shifted to [the insurer] to prove that flooding caused the
> damage at issue, thereby excluding coverage under the
> homeowner's policy.

Id. at 295; see also Smith v. American Family Life Assur. Co. of Columbus, 584 F.3d 212, 218 (5th Cir. 2009) (citing Doerr v. Mobil Oil Corp., 774 So.2d 119, 124 (La. 2000) for the notion that "the insurer bears the burden of proving the applicability of an exclusionary clause within a policy").

Defendant states that the Fifth Circuit's interpretation of the burden shifting is simply dicta and that courts in the Eastern District addressing this issue have "uniformly" rejected this interpretation.  However, this Court respectfully disagrees with the decisions of those courts - specifically Copelin, Weiser, and Nunez - to the extent that they did not follow Dickerson.  This Court believes it is bound by the holding in Dickerson and that the analysis of the burden shifting test was not dicta.[2]  As a result, Plaintiffs' burden at trial will be to prove that they are entitled to additional payments to damage to their property.  Plaintiffs do not have the burden of segregating

---

[2]Further, Defendant is incorrect in asserting that the courts in this district have uniformly rejected the burden standard in Dickerson.  See Imperial Trading Co., Inc. v. Travelers Property Cas. Co. Of America, 638 F. Supp. 2d 692, 694 (E.D. La. Jul 16, 2009).

6

the damages based on covered and non-covered perils.

A review of the record in this matter shows that there exists a question of material fact as to whether damages to Plaintiffs' structure and/or contents occurred beyond what Plaintiffs have recovered.  As a result, summary judgment on those issues is not appropriate.  However, Plaintiffs have not presented sufficient evidence regarding their claim for additional living expenses ("ALE").  Therefore, their ALE claims against Defendant will be dismissed, with prejudice, pursuant to Rule 56(c).

***Witness List***

Defendant also argues that summary judgment is proper because Plaintiffs failed to timely submit their witness and exhibit list.  This argument is moot for two reasons.  First, this Court has already granted Plaintiffs' request for leave to file their untimely witness and exhibit list.  Secondly, this matter was recently consolidated with the Plaintiffs' suit against their flood insurer.  Accordingly, both parties will have to submit new witness and exhibit lists and comply with a new scheduling order.

Accordingly,

**IT IS ORDERED** that Defendant State Farm's **Motion for Summary Judgment (Rec. Doc. 27)** is hereby **partially DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for ALE are **DISMISSED**, with prejudice.

New Orleans, Louisiana this  25th  day of November, 2009.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE