```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL LIGHTELL ET AL                    CIVIL ACTION

VERSUS                                 NO: 08-4393
                                       c/w 09-1696

STATE FARM FIRE AND CASUALTY           SECTION: J(5)
COMPANY
```

## ORDER AND REASONS

Before the Court is Defendant State Farm Fire & Casualty Insurance Company's ("State Farm" or "Defendant") **Motion in Limine to Exclude the Estimate and Testimony of Paul DiBenedetto as Irrelevant and Unreliable (Rec. Doc. 26)** and Plaintiffs' **Response Memorandum in Opposition to Defendant's Motion (Rec. Doc. 24).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This action is one of hundreds of Hurricane Katrina insurance coverage disputes brought against State Farm by the Hurricane Legal Center ("HLC") in August of 2007. Originally, these suits were included in a mass joinder suit entitled <u>Aguda v. State Farm Fire & Casualty Insurance Company</u>, No. 07-4457. These suits underwent numerous procedural steps as the actions were consolidated with the <u>Katrina Canal Breaches Consolidated Litigation</u>, No. 05-4182, subsequently deconsolidated, and eventually severed from one another on December 30, 2008 with the remaining plaintiffs ordered to file an individualized complaint.

In this particular dispute, Plaintiffs made an initial claim

for damages to their home and subsequently received insurance proceeds from Defendant.  However, Plaintiffs believed Defendant failed to properly assess the damage to their property.  Plaintiffs therefore filed suit to recover additional proceeds relating to the property damage.

Despite unsuccessful attempts to recover additional funds from Defendant, Plaintiffs repaired and subsequently sold their home. Months after the property was repaired and sold, and while litigation was pending, Plaintiffs' attorney hired Paul DiBenedetto to provide an estimate of damage to the property.  In calculating the estimate, DiBenedetto contacted Plaintiffs, interviewed them about damage to the property, and reviewed State Farm's claim file, which included photographs and notes taken by a State Farm claim adjuster.  DiBenedetto also visited the property.  However, DiBenedetto's review of the actual property was limited to a cursory view of the outer premises because the property was occupied by new owners.

State Farm believes that the methods utilized by DiBenedetto to estimate damages to Plaintiffs' property were unreliable. They have therefore filed the current motion asking this Court to exclude DiBenedetto's estimate and testimony.  After reviewing the record, file, and the parties' motions and memoranda, this Court finds as follows:

## THE PARTIES' ARGUMENTS

Defendant argues that Plaintiffs' expert testimony and estimates should be excluded as irrelevant and unreliable. Defendant states that the repair estimate is irrelevant because the actual repair costs have already been incurred and that DiBenedetto failed to take the actual repair costs into consideration in drafting his estimate. Defendant further argues that DiBenedetto used unreliable methods to calculate his estimate and that DiBenedetto lacked sufficient information to formulate the cause of damage as it relates to covered versus non-covered perils.

Plaintiffs, on the other hand, argue that it is irrelevant that the repairs were completed prior to DiBenedetto's estimate and that DiBenedetto was not required to use the actual costs of the repairs. According to Plaintiffs, this assertion is correct because Plaintiffs are entitled to recover an estimate of repairs and are not limited to the actual costs of repairs. Plaintiffs further argue that the methods used by DiBenedetto to calculate the estimate were reliable. Lastly, Plaintiffs argue that the information DiBenedetto reviewed was sufficient for him to form a basis as to damages caused by covered versus non-covered perils.

## DISCUSSION

Defendants make various arguments as to why DiBenedetto's estimate and testimony should be excluded. However, their

3

argument relating to the unreliability of the methods used by DiBenedetto is dispositive.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Rule 702 states,

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Both scientific and nonscientific expert testimony is subject to the framework set out by the Supreme Court in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 588 (1993), which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." <u>Burleson v. Tex. Dep't of Criminal Justice</u>, 393 F.3d 577, 584 (5th Cir. 2004); <u>see</u> <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 147 (1999). A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. <u>Burleson</u>, 393 F.3d at 584. The reliability

4

inquiry must remain flexible, however, as "not every <u>Daubert</u> factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." <u>Guy v. Crown Equip. Corp.</u>, 394 F.3d 320, 325 (5th Cir.2004); see <u>Runnels v. Tex. Children's Hosp. Select Plan</u>, 167 Fed. Appx. 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining 'how to test an expert's reliability.'" (citing <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 152 (1999)). With respect to the determination of relevancy pursuant to Rule 702 and <u>Daubert</u>, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." <u>Bocanegra v. Vicmar Servs., Inc.</u>, 320 F.3d 581, 584 (5th Cir. 2003). When expert testimony or reports are challenged under <u>Daubert</u>, the Court's role as gatekeeper does not replace the traditional adversary system, or the jury's place within the system. <u>Scordill v. Louisville Ladder Group, L.L.C.</u>, 2003 WL 22427981 at *3 (E.D. La. Oct. 24, 2003). As the <u>Daubert</u> court noted, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 596. As a general rule, questions relating to the basis and sources of an expert's

5

opinion rather than its admissibility should be left for the jury's consideration. United States v. 14.38 Acres of Land, More or Less S. in County, Miss., 80 F.3d 1074, 1077 (5th Cir.1996)(citing Viterbo v. Dow Chemical Co., 826 F.2d 420, 422 (5th Cir.1987)).

In the current matter, Defendant questions the reliability of DiBenedetto's methods for formulating his estimate. Defendant argues that DiBenedetto's methodology was unreliable because he merely interviewed the Plaintiffs about damage to their property, went to the property months after the property was repaired and sold, failed to view the interior, and reviewed State Farm's claim file. Courts in this district have found that similar actions taken by proposed expert witnesses were not sufficient to satisfy Rule 702 or Daubert.

In Tardo v. State Farm Fire and Casualty Company, No. 08-1165, 2009 WL 1804766 (E.D. La. June 22, 2009), Judge Africk held that the plaintiffs' proposed expert testimony did not satisfy the requirements of Rule 702 and Daubert. In Tardo, the proposed expert witness interviewed the plaintiff to get the bulk of his information relating to the damage of the property and inspected the property nearly three years after the property was damaged. Further, as in the current matter, at the time he inspected the property, the property had been repaired.

Similarly, in Williams v. Allstate Insurance Company, No.

08-0062, 2008 WL 51140604 (E.D. La. Nov. 26, 2008), the proposed expert witness rendered his reports solely on his visit to the property (more than three years after the property was damaged and after the damage had been repaired) and his interview of the property owners. Id. at 3. In Williams, Judge McNamara held that these steps were not sufficient to satisfy the requirements for admissible expert testimony. Id. (stating that the opinion was unreliable because it was not based upon sufficient facts or data and was not the product of reliable principles and methods).

This case is somewhat distinguishable from Tardo and Williams because unlike the proposed expert witnesses in those cases, DiBenedetto actually reviewed the claim file (and the photographs included therein) to formulate his estimate. However, in his deposition, DiBenedetto testified that although he reviewed the claim file, he was unable to use the photographs contained in the file to compute his estimate because he could not understand the photographs. Therefore, the methods used by DiBenedetto are similar to those held to be unreliable in Tardo and Williams. DiBenedetto essentially based his estimate off the interview with Plaintiffs and a cursory inspection of the property after the property was repaired and sold (an inspection in which he did not view the interior or record any notes). This Court does not find such methods to be reliable.

Accordingly,

**IT IS ORDERED** that DiBenedetto's estimate and related testimony are hereby excluded as unreliable.

New Orleans, Louisiana, this 28th day of December, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE